```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MAURICE WALLACE,

                    Plaintiff,

        -against-                          MEMORANDUM AND ORDER
                                           09-CV-3685 (JS)(WDW)
SUFFOLK COUNTY CORRECTIONAL FACILITY,
SUFFOLK COUNTY, NEW YORK,
CORRECTIONAL OFFICER THOMAS HEAVEY,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Maurice Wallace, pro se
                    #419638
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearance
```

SEYBERT, District Judge:

Presently pending before the Court is incarcerated pro se plaintiff Maurice Wallace's ("Plaintiff") application to proceed in forma pauperis and Complaint alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). For the reasons that follow, the application to proceed in forma pauperis is GRANTED, the claim asserted against Defendant Suffolk County Correctional Facility ("SCCF") is DISMISSED WITH PREJUDICE, and the claim asserted against Defendant Suffolk County is DISMISSED WITHOUT PREJUDICE. In addition, the Court finds that the appointment of pro bono counsel is warranted pursuant to 28 U.S.C. § 1915(e)(1).

BACKGROUND

Plaintiff commenced this action against SCCF, Suffolk County, New York, and C.O. Thomas Heavey[1], alleging violation of his constitutional rights pursuant to Section 1983. Plaintiff, a frequent filer in this Court[2], avers that on July 27, 2009, he was ordered to "[l]ay on the ground before I hit you with the baton" by an unidentified corrections officer. Plaintiff claims that while complying with that directive, he was then handcuffed by another unidentified corrections officer while another unidentified corrections officer "put his boot on my neck." Plaintiff alleges that Defendant C.O. Heavey then "kicked me in the face twice causing facial fractures, redness of my right eye." Defendant C.O. Heavey is also alleged to have sprayed mace at the Plaintiff. Plaintiff alleges that these actions were taken against him in

---

[1] Although not included in the caption, Plaintiff's Complaint also lists as a Defendant "correctional officer whom worked the 7 a.m. to 8 p.m. shift, four east south housing, on July 27, 2009 (2:15 p.m.) and July 28, 2009, July 29, 2009." Given Plaintiff's pro se status, the Court liberally construes the Complaint to include a "John Doe" Defendant who may be properly identified during the discovery phase of this lawsuit. Accordingly, the Clerk of the Court is directed to include a "John Doe" Defendant in the caption of Plaintiff's Complaint.

[2] This is Plaintiff's fifth in forma pauperis Complaint in this Court involving substantially similar parties and claims. See Dkt. Nos. 08-CV-4902 (JS)(WDW); 09-CV-0354 (JS)(WDW); 09-CV-0355 (JS)(WDW); 09-CV-1929 (JS)(WDW). By Order dated August 5, 2009, all of these cases were consolidated under Dkt. No. 08-CV-4902 (JS)(WDW) and, by Order dated June 2, 2010, the consolidated cases were dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. See Orders, dated August 5, 2009 and June 2, 2010, Seybert, D.J.

2

retaliation for his then-pending lawsuits "against [the corrections officers'] coworkers, and detectives and/or police whom may be friends or family."  As a result of the alleged assault, Plaintiff seeks damages in the amount of "eight hundred million."[3]  Plaintiff alleges that his glasses were broken during the assault and that he suffered a "right facial fracture."  Plaintiff claims to now experience sleepless nights, that he has a jaw that "locks and unlocks" and that has suffered mental anguish.  Consequently, Plaintiff claims that he is "a victim of cruel and unusual punishment" and "excessive force."  The Complaint is accompanied by an application to proceed in forma pauperis.

DISCUSSION

I.  In Forma Pauperis

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial circumstance qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. Application Of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous

---

[3] Although the Complaint does not state that Plaintiff seeks monetary relief, the Court presumes that Plaintiff seeks an award of eight hundred million dollars ($800,000,000.00).

or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

It is axiomatic that the Court is required to read the Plaintiff's pro se Complaint liberally and to construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d

883, 887 (2d Cir. 1987). Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him. See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

III.  Section 1983

Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

Furthermore, when bringing a Section 1983 action against

5

a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). Allegations concerning a single incident of unconstitutional activity are insufficient to demonstrate the existence of a custom or policy, see City of Oklahoma v. Tuttle, 471 U.S. 808, 821, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985), at least in the absence of factual allegations "tending to support, at least circumstantially, such an inference." Zahra, 48 F.3d at 685.

    A.    C.O. Thomas Heavey

This Court finds that, with respect to the claim asserted against Defendant C.O. Thomas Heavey, Plaintiff's Complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915. Plaintiff has alleged, albeit with very little detail, that he was assaulted by Defendant C.O. Thomas Heavey while in custody. Although barely meeting the pleading requirements of Rule 8, the Court finds Plaintiff has set forth sufficient facts to withstand sua sponte dismissal with respect to the claim asserted against this Defendant.

    B.    Suffolk County Correctional Facility

Plaintiff names SCCF as a Defendant in his Complaint.

6

However, SCCF is an administrative arm of Suffolk County and thus lacks the capacity to be sued as a separate entity. Hill v. U.S. Attorney's Office, No. 08-CV-1045(JS)(AKT), 2009 WL 2524914, at *2 (E.D.N.Y. Aug. 14, 2009) (citing Toomer v. County of Nassau, No. 07-CV-1495(JFB)(ETB), 2009 WL 1269946, at *1 n. 1; see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department because "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued)). Accordingly, the Plaintiff's claim against SCCF is dismissed with prejudice.

  C. Suffolk County, New York

Plaintiff's Section 1983 claim against Suffolk County is insufficiently pleaded and must be dismissed. As noted above, a municipal body, such as Suffolk County, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See Monell, 436 U.S. at 690-94; see also Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000). Here, the Plaintiff has not alleged that an official policy or custom caused him to be subjected to the denial of a constitutional right nor can the Court reasonably interpret the Complaint to have allegations concerning an underlying municipal policy or custom that deprived

7

the Plaintiff of a constitutional right.  As pled, Plaintiff's Section 1983 against Suffolk County is not plausible and fails to state a claim against Suffolk County.  Accordingly, this claim is DISMISSED without prejudice and with leave to amend.  Any Amended Complaint must be filed with the Court in accordance with this Order by July 30, 2010.  Plaintiff is warned that failure to file an Amended Complaint within this period will lead to dismissal of the Complaint against Suffolk County with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IV. Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  Upon consideration of the Plaintiff's Complaint, the Court finds that the appointment of pro bono counsel in this case is warranted.  Accordingly, the Court's pro se office is directed to seek the appointment of pro bono counsel for Plaintiff forthwith.

CONCLUSION

Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED; and it is further

ORDERED that the Clerk of the Court send a copy of this Order to the Plaintiff by regular first class mail and by certified mail, return receipt requested; and it is further

ORDERED that the Complaint be DISMISSED against Suffolk

County Correctional Facility WITH PREJUDICE and against Suffolk County, New York WITHOUT PREJUDICE and with leave to amend in accordance with this Order. Any Amended Complaint must be filed with the Court by July 30, 2010. Plaintiff is warned that failure to file an Amended Complaint within this period will lead to dismissal of the Complaint against Suffolk County with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and it is further

ORDERED that the Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's statement in his in forma pauperis application; and it is further

ORDERED that the Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances; and it is further

ORDERED that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint and this Order for service upon Defendant C.O. Thomas Heavey without the prepayment of fees; and it is further

ORDERED that pro bono counsel be appointed to represent

Plaintiff from the Court's pro bono panel.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip New York
       July  2 , 2010